No. 85-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MAURICE A. WARNER, JR.,

        Plaintiff and Appellant,

   -vs-

THE COUNTY COMMISSIONERS OF GALLATIN
COUNTY, et al.,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Michael P. Sand, Bozeman, Montana

     For Respondent:

        A. Michael Salvagni, County Attorney, Bozeman, Montana
Thomas Anacker, Deputy County Atty., Bozeman

---

                        Submitted on Briefs: Jan. 30, 1986

                           Decided: March 20, 1986

Filed:   **MAR 20 1986**

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Maurice Warner, Jr. brought an action in the District Court of the Eighteenth Judicial District, Gallatin County to enjoin the defendants from assessing any costs for improvements under Rural Improvement District No. 337 and to declare the resolution creating the district null and void. The District Court granted summary judgment in favor of defendants. Plaintiff appeals. We affirm.

There is one issue in this case: in fixing boundaries of a rural improvement district, can a board of county commissioners include less than the entire lot within the district so as to equalize costs borne by each lot?

In May 1984, a petition to create a rural improvement district relating to roads and entrance lighting was circulated for signatures in Middle Creek Meadow Subdivisions Nos. 1 and 3. The petition provided, " . . . each lot in the District shall pay an equal share for the costs and expenses of such District, regardless of size."

The resolution of intention to create a rural improvement district passed by the Gallatin County Commission included 2,000 square feet of each lot closest to the roadway in the boundaries of the district, although the lots varied in size from approximately 38,000 square feet to approximately 312,000 square feet. The boundaries were drawn in this manner so that the assessment against each lot would be equal.

Appellant argues this method of assessment is contrary to § 7-12-2151, MCA (1983) which provides in pertinent part:

> The board shall assess the entire cost of such improvements against the entire district. Each lot or parcel of land assessed in such district shall be assessed with that part of the whole cost which its area bears to the area of the entire district, exclusive of streets, avenues, alleys, and public places.

Appellant contends that this statute means the entire area of all lots must be included within the rural improvement district boundaries.

However, in Ricker v. City of Helena (1923), 68 Mont. 350, 218 P. 1049 this Court upheld a rural improvement district which included only the front twenty-five feet of the lots in its boundaries. We held the city council has the power to fix the boundaries of the district regardless of the size of lots owned. "Having the power to fix the boundaries of the district, the council must have the right to fix the same, independently of the ownership of the particular tracts or parcels abutting upon the improvement, otherwise, . . . it might be obliged to fix the boundaries in such a manner that gross inequality of costs and benefit would result." Id. at 360-61, 218 P. at 1052.

Although Ricker involved a special improvement district created by a city council, we hold the case is equally applicable to rural improvement districts created by county commissions. Under § 7-12-2103(2), MCA (1983) the county commission must describe the boundaries of a proposed rural improvement district and that power is not affected by the size of existing lots.

The summary judgment for defendants granted by the District Court is affirmed.

John C. Sheehy
_____
Justice

- 3 -

We Concur:

_____

_____

_____

_____
Justices